UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY ALDUINO,                                    Civil Case No.:
                                                    24-cv-2623-GRB-JMW
                          Plaintiff,

                                                    **CITY OF LONG BEACH'S**
          -against-                                 **ANSWER TO COMPLAINT**

THE CITY OF LONG BEACH, ALL COUNTY
HOOK UP TOWING, INC. d/b/a ALL COUNTY
TOWING & RECOVERY, JOSEPH CALVAGNO,

                          Defendants.
------------------------------------------------------------------------X

Defendant The City of Long Beach ("City"), by its attorneys, the Law Offices of Mark A. Cuthbertson, hereby answers the Complaint of Plaintiff Anthony Alduino ("Plaintiff"), dated April 5, 2024, as follows:

## I. INTRODUCTION

1. The City admits that Plaintiff purports to proceed as set forth in Paragraph 1 of the Complaint, but otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2. The City denies the allegations contained in Paragraph 2 of the Complaint.

3. The City denies knowledge or information sufficient to form a belief as the allegations contained in Paragraph 3 of the Complaint.

4. The City admits that All County may require payment of certain fees, such as towing and storage, as a condition of release for a vehicle, and except as so admitted, denies the allegations contained in Paragraph 4 of the Complaint.

5. The City admits that the City Code imposes certain requirements for the owner of a vehicle that has been immobilized or towed to secure the release of the vehicle, including the

payment of certain fees, and authorizes unclaimed vehicles to be sold after a certain period of time, and except as so admitted, deny the allegations contained in Paragraph 5 of the Complaint.

6. The City denies the allegations contained in Paragraph 6 of the Complaint.

7. The City admits that Plaintiff's vehicle was towed by All County Hook Up Towing, Inc. ("All County") on September 3, 2022, and except as so admitted, denies the allegations contained in Paragraph 7 of the Complaint.

8. The City denies the allegations contained in Paragraph 8 of the Complaint.

9. The City denies the allegations contained in Paragraph 9 of the Complaint, and respectfully refers all questions of law to the Court.

## II. JURISDICTION AND VENUE

10. The City admits that Plaintiff has alleged the claims set forth in Paragraph 10 of the Complaint, but denies any factual allegations contained in Paragraph 10 of the Complaint.

11. The City admits that this Court generally has subject matter jurisdiction over claims brought pursuant to 42 U.S.C. §1983 and arising under the Constitution of the United States, and respectfully refers all questions of law to the Court.

12. The City admits that this Court generally has supplemental subject matter jurisdiction over state law claims that share a common nucleus of fact with federal claims, but denies that the Court can or should exercise such supplemental jurisdiction in this action.

13. The City admits that Plaintiff seeks the relief set forth in Paragraph 13 of the Complaint, and respectfully refers all questions of law to the Court.

14. The City admits that Plaintiff seeks an award of attorneys fees and costs, and respectfully refers all questions of law to the Court.

15. The City does not contest venue in this District as alleged in Paragraph 15 of Complaint, but denies any factual allegations contained in Paragraph 15.

### III. The Parties

16. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. The City admits the allegations contained in Paragraph 17 of the Complaint.

18. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint.

21. The City admits the allegations contained in Paragraph 21 of the Complaint.

### IV. Preliminary Facts

22. The City denies the allegations contained in Paragraph 22 of the Complaint.

23. The City denies the allegations contained in Paragraph 23 of the Complaint.

24. The City admits that it does not directly pay All County for providing towing services to the City, and except as so admitted, denies the allegations contained in Paragraph 24 of the Complaint.

25. The City admits that All County pays the City $225 for each tow referred to it, and except as so admitted, denies the allegations contained in Paragraph 25 of the Complaint.

26. The City admits that All County is authorized to charge the owner of a lawfully seized vehicle certain towing and storage fees as a condition of release, and except as so admitted, denies the allegations contained in Paragraph 26 of the Complaint.

27. The City denies the allegations contained in Paragraph 27 of the Complaint.

28. The City denies the allegations contained in Paragraph 28 of the Complaint.

29. The City denies the allegations contained in Paragraph 29 of the Complaint.

30. The City denies the allegations contained in Paragraph 30 of the Complaint.

### V. The Defendants' Unconstitutional Practices Are Applied to the Plaintiff

31. The City admits that on September 3, 2022, Plaintiff was the registered owner of a vehicle bearing Vehicle Identification Number 5UXTY5C08M9E16525, and except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint.

32. The City admits the allegations contained in Paragraph 32 of the Complaint.

33. The City admits that the area in which Plaintiff had parked his vehicle required a parking permit, and except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint.

34. The City denies the allegations contained in Paragraph 34 of the Complaint.

35. The City denies the allegations contained in Paragraph 35 of the Complaint.

36. The City denies the allegations contained in Paragraph 36 of the Complaint.

37. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38. The City admits the allegations contained in Paragraph 38 of the Complaint.

39. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40. The City admits that Plaintiff's vehicle was in All County's possession for approximately four days, and except as so admitted, denies the allegations contained in Paragraph 40 of the Complaint, and respectfully refers all questions of law to the Court.

41. The City admits that Plaintiff was required to pay certain fees as a condition of release for the vehicle and that All County released Plaintiff's vehicle on September 6, 2022, and except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint.

42. The City denies the allegations contained in Paragraph 42 of the Complaint, and respectfully refers all questions of law to the Court.

## VI. Monell Liability

### (a) Liability Based Upon Established Policies, Practices, and Procedures

42. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint, and respectfully refers all questions of law to the Court.[1]

43. The City denies the allegations contained in Paragraph 43 of the Complaint.

44. The City admits that it has purchased license plate readers and provided same to certain agents and/or employees of the City, and except as so admitted, denies the allegations contained in Paragraph 44 of the Complaint.

45. The City denies the allegations contained in Paragraph 45 of the Complaint, and respectfully refers all questions of law to the Court.

---

[1] The Complaint includes two paragraphs denominated as Paragraph 42. This numbering is matched herein for the consistency in answering the Complaint's remaining allegations.

5

### (b) Liability Based upon Willful and Intentional Failure to Comply with Clearly stablished Law and Deliberate Indifference to the Constitutional Rights of Vehicle Owners

46. The City admits that the federal courts have decided cases on the scope of the due process clause, but denies any factual allegations regarding the applicability of such decision to this action, and respectfully refers the Court to the cases cited in Paragraph 46 of the Complaint, which speak for themselves.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the City denies this allegation and refers all questions of law to the Court.

48. The City denies the allegations contained in Paragraph 48 of the Complaint, and respectfully refers all questions of law to the Court.

### (c) Liability Based upon Failure to Train and Failure to Supervise

49. The City denies the allegations contained in Paragraph 49 of the Complaint, and respectfully refers all questions of law to the Court.

50. The City denies the allegations contained in Paragraph 50 of the Complaint.

51. The City denies the allegations contained in Paragraph 51 of the Complaint, and respectfully refers all questions of law to the Court.

52. The City denies the allegations contained in Paragraph 52 of the Complaint, and respectfully refers all questions of law to the Court.

### VI. All County Liability

53. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Complaint.

54. The City admits that an employee of the city made the initial determination that the Plaintiff's vehicle would be seized and towed and summoned All County to come and tow the vehicle, and except as so admitted, denies the allegations contained in Paragraph 54 of the Complaint.

55. The City admits that tows on behalf of the City by All County are performed at the direction of an agent or employee of the City, and except as so admitted, denies the allegations contained in Paragraph 55 of the Complaint.

56. The City denies the allegations contained in Paragraph 56 of the Complaint.

57. The City denies the allegations contained in Paragraph 57 of the Complaint, and respectfully refers all questions of law to the Court.

58. The City denies the allegations contained in Paragraph 58 of the Complaint, and respectfully refers all questions of law to the Court.

59. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Complaint.

## CLAIM FOR RELIEF

### COUTY ONE

**Violation of Civil Rights Pursuant to title 42 U.S.C. 1983
(Deprivation of Property Without Due Process and Deprivation by
Unreasonable Seizure in violation of the Fourteenth and Fourth
Amendments to the United States Constitution)**

60. The City repeats and reiterates the allegations set forth within Paragraph 1 through 59, above, with the same force and effect as if fully set forth herein.

61. The City denies the allegations contained in Paragraph 61 of the Complaint.

62. The City denies the allegations contained in Paragraph 62 of the Complaint.

63. The City denies the allegations contained in Paragraph 63 of the Complaint.

64. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint.

65. The City denies the allegations contained in Paragraph 65 of the Complaint.

66. The City denies the allegations contained in Paragraph 66 of the Complaint, and respectfully refers all questions of law to the Court.

64. The City denies the allegations contained in Paragraph 64 of the Complaint.[2]

65. The City denies the allegations contained in Paragraph 65 of the Complaint, and respectfully refers all questions of law to the Court.

66. The City denies the allegations contained in Paragraph 66 of the Complaint, and respectfully refers all questions of law to the Court.

## COUNT TWO

## **CONVERSION**

67. The City repeats and reiterates the allegations set forth within Paragraph 1 through 66, above, with the same force and effect as if fully set forth herein.

68. The City denies the allegations contained in Paragraph 68 of the Complaint, and respectfully refers all questions of law to the Court.

69. The City denies the allegations contained in Paragraph 69 of the Complaint.

70. The City denies the allegations contained in Paragraph 70 of the Complaint.

71. The City denies the allegations contained in Paragraph 71 of the Complaint, and respectfully refers all questions of law to the Court.

72. The City denies the allegations contained in Paragraph 72 of the Complaint.

## **COUNT THREE**

---

[2] The Complaint repeats its numbering of Paragraph 64-66. This numbering is matched herein for the consistency in answering the Complaint's remaining allegations.

## DUE PROCESS CLAIMS UNDER THE FIFTH AND
## FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

73. The City repeats and reiterates the allegations set forth within Paragraph 1 through 72, above, with the same force and effect as if fully set forth herein.

74. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint.

75. The City denies the allegations contained in Paragraph 75 of the Complaint, and respectfully refers all questions of law to the Court.

76. The City denies the allegations contained in Paragraph 76 of the Complaint, and respectfully refers all questions of law to the Court.

77. The City denies the allegations contained in Paragraph 77 of the Complaint, and respectfully refers all questions of law to the Court.

78. The City denies the allegations contained in Paragraph 78 of the Complaint, and respectfully refers all questions of law to the Court.

79. The City denies the allegations contained in Paragraph 79 of the Complaint, and respectfully refers all questions of law to the Court.

## COUNT FOUR

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

80. The City repeats and reiterates the allegations set forth within Paragraph 1 through 79, above, with the same force and effect as if fully set forth herein.

81. The City denies the allegations contained in Paragraph 81 of the Complaint.

82. The City denies the allegations contained in Paragraph 82 of the Complaint, and respectfully refers all questions of law to the Court.

83. The City denies the allegations contained in Paragraph 83 of the Complaint.

84. The City denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of the Complaint, and respectfully refer all questions of law to the Court.

85. The City admits that Plaintiff seeks the relief described in Paragraph 85 of the Complaint, but denies that Plaintiff is entitled to any such relief.

## AS TO THE PRAYER FOR RELIEF

The City denies the allegations contained in Plaintiff's "WHEREFORE" clause, including the subparts for each of Counts One through Four, and the subparagraphs contained therein, deny that Plaintiff is entitled to any relief whatsoever, deny that Plaintiff is entitled to a jury trial on any claims or issues seeking equitable relief, and further deny any allegations in the Complaint that are not unequivocally admitted herein.

## CROSS-CLAIM AGAINST CO-DEFENDANT ALL COUNTY

1. The City repeats and realleges paragraphs 1 through 85 of this Answer with the same force and effect as if set forth in full in this paragraph.

2. All County has a contractual relationship with the City whereby All County would provide towing and vehicle storage services for the City and the City's Police Department.

3. Pursuant to its contract with the City, All County is obligated to act pursuant to City Code Section 1, Chapter 15, Article VI, Division 2 and its contract with the City in immobilizing and/or towing vehicles.

4. Upon information and belief, All County has breached its obligations under the City Code and/or contract with the City or aacted in a manner that was not authorized in performing its obligations under its contract with the City.

5. Article 11 of the contract between All County and the City provides that All County will defend, indemnify, and save harmless the City against claims, damages, loss or expense for any claim against the City arising out of or resulting from the performance of All County's agreement with the City.

6. Upon information and belief, the claims set forth against the City in this action fall within the scope of the hold harmless agreement in the contract between All County and the City.

7. As a result of the foregoing, All County should be liable for any and all costs and damages adjudicated against Defendants, or alternatively, for their proportionate share thereof.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

New York law does not provide a cause of action for the alleged violations of the New York State Constitution.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or any other basis for a civil rights claim.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction, and Plaintiff's negligence, carelessness and fault bars in whole or in part the damages which Plaintiff seeks to recover.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages may be the fault of persons or entities other than the City over whom the City had no control and for whom the City is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged deprivation of rights or harm suffered by the individual was not directly caused by a failure to provide due process, but rather by other factors or circumstances.

### NINTH AFFIRAMTIVE DEFENSE

Any and all actions or inactions the City took with respect to Plaintiff were taken in good faith, without malice or reckless indifference, and with reasonable grounds to believe that the City's actions or inactions were not in violation of any state or federal law.

### TENTH AFFIRMATIVE DEFENSE

Any award of damages allegedly sustained by Plaintiff should be reduced to the extent that Plaintiff has failed to mitigate their respective damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages must be denied or reduced to the extent that they have been or will be compensated from collateral sources.

### TWELVTH AFFIRMATIVE DEFENSE

Plaintiff paid the tickets at issue without objection or protest or having sought to adjudicate or otherwise challenge the tickets through the City's traffic court.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff claim is barred to the extent that he filed to file a notice of claim with the City, which is a condition precedent to commencing an action or proceeding against it.

**WHEREFORE**, the City respectfully requests that the Court deny each and every demand for relief set forth in Plaintiff's Complaint, dismiss the Complaint with prejudice, award the City costs, disbursements, and reasonable attorney's fees, and grant such other and further relief as this Court deems just and proper.

Dated:  Huntington, New York  
       April 26, 2024

LAW OFFICES OF MARK A. CUTHBERTSON

By: /s/ Mark A. Cuthbertson  
    Mark A. Cuthbertson  
    Matthew DeLuca  
    Attorneys for Defendant City of Long Beach  
    434 New York Avenue  
    Huntington, New York 11743  
    Tel: (631) 351-3501  
    Fax: (631) 427-9507  
    mcuthbertson@cuthbertsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2024, a true and correct copy of the foregoing City of Long Beach's Answer to Amended Complaint with Cross-Claim was electronically served on the following:

Andrew J. Campanelli, Esq.
CAMPANELLI & ASSOCIATES, P.C.
1757 Merrick Ave, Suite 204
Merrick, NY 11566
516-746-1600
ajc@campanellipc.com

Alexander E. Sendrowitz, Esq.
QUATELA CHIMERI, PLLC
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
(631) 482-9700
AES@QCLaw.com

/s/ Mark A. Cuthbertson
Mark A. Cuthbertson